UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Mark B. Galvin
and Jenny Galvin

    v.                                    Case No. 15-cv-386-JL

Specialized Loan
Servicing LLC

**REPORT AND RECOMMENDATION**

In a case that has been removed from the Rockingham County Superior Court ("RCSC"), Mark and Jenny Galvin seek to enjoin Specialized Loan Servicing LLC ("SLS") from foreclosing on a mortgage they granted on a property in Rye, New Hampshire. Before this magistrate judge for a report and recommendation is respondent's motion to dissolve an ex parte temporary restraining order ("TRO") entered by the RCSC on September 14, 2015 (Doc. No. 1-2). Petitioners do not object.[1] For the reasons detailed below, respondent's motion should be granted.

On September 14, 2015, in the RCSC, the Galvins filed a document titled "Verified Ex Parte Petition for Temporary

---

[1] On March 18, 2016, over respondent's objection, Judge Laplante extended the Galvins' deadline for responding to respondent's motion to dissolve the TRO, and respondent's motion to dismiss, until March 29, 2016. The Galvins have filed an amended complaint, see Doc. No. 17, but have filed no objection to respondents' motion to dissolve the TRO.

Restraining Order, Preliminary and Permanent Injunctive Relief to Enjoin Foreclosure, and Damages." Resp't's Mot. to Dissolve, Attach. 1 (Doc. No. 4-1). In their petition, the Galvins asked the court to enjoin a foreclosure sale that had been scheduled for that day. They based their request on claims that: (1) they had not received proper notice of the sale, as required by N.H. Rev. Stat. Ann. ("RSA") § 479:25, II; and (2) respondent was out of compliance with several provisions of 12 C.F.R. § 1024, which is a set of regulations adopted under the federal Real Estate Settlement Procedures Act ("RESPA"). On the same day the Galvins filed their petition, the RCSC granted them a TRO and ordered the scheduling of a further hearing within 10 days. On September 21, respondent removed the case to this court. Respondent now moves to dissolve the TRO. The court considers each motion in turn.

In its motion to dissolve, respondent contends that the TRO should be dissolved because: (1) it has expired, as a matter of law; and (2) the grounds on which petitioners based their request for injunctive relief are legally and factually baseless. Respondent's first argument is meritorious.

When a case has been removed from a state court to a federal district court, "[a]ll injunctions, orders, and other

proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450. However, § 1450 was not "intended to turn ex parte state court temporary restraining orders of limited duration into federal court injunctions of unlimited duration." Granny Goose Foods, Inc. v. Bhd. of Teamsters Local 70, 415 U.S. 423, 435 (1974). Rather:

> An ex parte temporary restraining order issued by a state court prior to removal remains in force after removal no longer than it would have remained in effect under state law, but in no event does the order remain in force longer than the time limitations imposed by Rule 65(b) [of the Federal Rules of Civil Procedure], measured from the date of removal.

Id. at 439-40.

Under New Hampshire law, "[u]nless extended by the court and absent consent of the opposing party, an ex parte temporary restraining order automatically expires within ten days after issuance." Town of Merrimack v. McCray, 150 N.H. 811, 813 (2004) (citing N.H. Super. Ct. R. 161(a)). The state procedural rule cited by the New Hampshire Supreme Court in Town of Merrimack provides, in pertinent part:

> Every temporary restraining order, which is granted without notice, shall be endorsed with the date and hour of issuance, shall define the injury and state why it is irreparable and why the order was granted without notice, and shall expire by its terms within such time after issuance, not to exceed 10 days, as

      the Court fixes, unless, within the time so fixed, the
      order, for good cause shown, is extended for a like
      period, or unless the party, against whom the order is
      directed, consents that it may be extended for a
      longer period.

N.H. Super. Ct. R. 161(a).

    The application of Granny Goose to the facts of this case is straightforward. The RCSC issued an ex parte temporary restraining order on September 14, 2015. That TRO was not extended, and respondent has not consented to its extension. Consequently, it expired, by its own terms, on September 24.[2] Thus, respondents are entitled to an order from this court declaring that the TRO issued by the RCSC is no longer in force.

    For the reasons described above, respondent's motion to dissolve the TRO issued by the RCSC (Doc. No. 4) should be granted. Any objection to this Report and Recommendation must be filed within 14 days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file an objection within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617

---

[2] Because Superior Court Rule 161(a) limited the TRO issued by the RCSC to a duration of 10 days, the 14 day limit established by Federal Rules of Civil Procedure does not come into play. See Fed. R. Civ. P. 65(b)(2).

F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Andrea K. Johnstone
United States Magistrate Judge

April 5, 2016

cc: Mark B. Galvin, pro se
    Jennie Galvin, pro se
    Kevin P. Polansky, Esq.